NOT DESIGNATED FOR PUBLICATION

No. 114,956

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

K.C.R.,
a minor, by and through his natural mother and next friend,
TANEISHA COX,
*Appellant*,

v.

ADAM ARMBRUSTER, M.D.,
*Appellee.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed September 23, 2016. Reversed and remanded.

*Randall K. Rathbun* and *Joseph A. Shremmer*, of Depew, Gillen, Rathbun & McInteer, LC, of Wichita, for appellant natural mother.

*David S. Wooding* and *Teresa L. Adams*, of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., of Wichita, for appellee.

Before STANDRIDGE, P.J., HILL, J., and BURGESS, S.J.

*Per Curiam*: K.C.R. sustained injuries during the course of his delivery by Dr. Adam Armbruster. K.C.R., through his mother, Taneisha Cox, filed suit against Dr. Armbruster alleging medical negligence. At trial, K.C.R. retained Dr. Benito Lopez to testify on his behalf to the standard of care Dr. Armbruster should have employed. After K.C.R.'s presentation of evidence, Dr. Armbruster filed a motion for judgment as a matter of law arguing that K.C.R. failed to establish Dr. Lopez' expert witness qualifications as

1

required by K.S.A. 60-3412. The district court granted the motion. K.C.R. appealed. This court finds that based on the record presented, it was improper to grant the motion for judgment as a matter of law. This cased is reversed for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Taneisha Cox was induced and went into labor in July 2010. As her son, K.C.R., was being delivered, his shoulder became stuck on Cox's pubic bone preventing his delivery and resulting in a situation known as shoulder dystocia. At the time K.C.R.'s shoulder got stuck, Dr. Armbruster was the doctor in charge of the delivery. Dr. Armbruster attempted several maneuvers in an attempt to deliver K.C.R. When K.C.R. was finally born it became apparent that he had suffered injury to his brachial plexus nerves.

K.C.R., through his mother Cox, filed suit against Dr. Armbruster alleging that the doctor was negligent in his delivery of K.C.R. and that his negligence resulted in permanent injury to K.C.R. K.C.R. retained Dr. Lopez as an expert witness to testify at trial regarding the standard of care that should have been employed by Dr. Armbruster.

At trial, Dr. Lopez' testimony began with a recitation of the various professional activities he had engaged in during his career. Dr. Lopez then went on to discuss his review of K.C.R.'s medical records, the circumstances surrounding his birth, and the ways in which Dr. Lopez believed Dr. Armbruster's care of Cox and K.C.R. fell below the standard of care.

During Dr. Lopez' direct examination, Dr. Armbruster repeatedly objected to a lack of foundation and qualification for Dr. Lopez' testimony. The district court overruled Dr. Armbruster's objections. Nevertheless, after K.C.R. rested, Dr. Armbruster filed a motion for judgment as a matter of law arguing that K.C.R. failed to provide a qualified

2

witness to testify to the standard of care and, as a result, could not sustain his burden of proving that Dr. Armbruster was negligent. The district court granted the motion after hearing arguments by both parties. K.C.R. now appeals.

## DID THE DISTRICT COURT ERR WHEN IT GRANTED DR. ARMBRUSTER'S MOTION FOR JUDGMENT AS A MATTER OF LAW?

K.C.R. makes several arguments in an attempt to convince this court that the district court erred when it granted Dr. Armbruster's motion for judgment as a matter of law. When a district court rules on a motion for judgment as a matter of law, it must resolve all facts and inferences in favor of the party against whom the ruling is sought. If it is clear from the evidence that a verdict in favor of the nonmoving party is not possible, the motion should be granted. *Lewis v. R & K Ranch, L.L.C.*, 41 Kan. App. 2d 588, 591, 204 P.3d 642 (2009).

## REVIEW IN THE LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY AND THE HOLISTIC METHOD

K.C.R. argues that the district court failed to review the evidence regarding Dr. Lopez' qualifications in the light most favorable to K.C.R. as required when considering a motion for judgment as a matter of law. K.S.A. 60-3412 prohibits an expert witness from testifying about the "standard of care given by a practitioner of the healing arts" unless the witness spent at least 50% of his or her "professional time within the two-year period preceding the incident giving rise" to the litigation in "actual clinical practice." The district court granted Dr. Armbruster's motion for judgment as a matter of law because it found that K.C.R. failed to establish Dr. Lopez' qualifications.

Dr. Lopez testified that he:

- "Sometimes now teach[es] medical students and residents as well as nurse practitioners and physician assistants."
- Has delivered 300-350 babies each year over the last 10 years.
- Served as the vice chief of staff at a hospital for a period of time.
- Has been on numerous hospital committees and review committees overseeing the work of other doctors.
- Occasionally makes presentations on various subjects including shoulder dystocia.
- Spends between 5 and 8% of his professional time testifying as a forensic OB/GYN medical-legal expert.

As to Dr. Lopez' activities as a teacher, administrator, committee member, presenter, or forensic witness, the testimony was minimal. There is nothing in the testimony that relates these activities to the statutorily mandated 2 year period. Since these activities do not satisfy the statutory requirement, they cannot be considered. Dr. Lopez testified that he delivered 300 to 350 babies a year for the last 10 years. This included the relevant 2 year period.

Both parties argued extensively whether Dr. Lopez' professional activities other than delivering babies qualifies as clinical practice. Those arguments are basically irrelevant. The trial court can only consider a physician's professional activities that occurred within the critical 2 year period. The only professional activity established to have occurred in the required 2 year period was the delivery of babies. Clearly a clinical practice.

On appeal, reviewing the record in the light most favorable to K.C.R., it is apparent that the only professional activity for the court to consider qualified as clinical activity. Since this is the only evidence as to the witness' professional activities properly before the court, the 50% rule is satisfied.

Reversed and remanded for further proceedings.